UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHRISTOPHER SHANE MCDONALD**     Plaintiff | * | CIVIL ACTION |
| | * | NO. 20-3413 |
| V. | * | JUDGE: |
| **THE PRUDENTIAL INSURANCE COMPANY OF AMERICA INSURANCE COMPANY & DRIL-QUIP, INC.**     Defendants | * * * * | MAG.: |

## COMPLAINT

1. Plaintiff, Christopher Shane McDonald ("Plaintiff"), brings this action individually and as the duly appointed Independent Administrator of the Succession of Christopher Jay McDonald. Christopher Shane McDonald is the only surviving descendant of Christopher Jay McDonald. This action arises under the Employee Retirement Income Security Act ("ERISA") and is brought against Defendants, The Prudential Insurance Company of America ("Prudential") and Dril-Quip, Inc. ("Dril-Quip") for benefits payable under the Dril-Quip, Inc. Life Insurance Plan ("Plan") sponsored by Dril-Quip and administered by Prudential.

2. Defendants have refused to pay life insurance benefits due to Plaintiff after the death of his father, the late Christopher Jay McDonald, on the basis that Christopher Jay McDonald had previously named a different person as primary beneficiary under a different plan several years before he became insured under the Dril-Quip, Inc. Life Insurance Plan. Because no beneficiary designation exists on a form approved by Prudential and the late Christopher Jay McDonald stated in writing that he wanted his son to be his beneficiary for the Dril-Quip, Inc.

1

Life Insurance Plan before his death, Prudential should apply the default beneficiary rules and pay Christopher Jay McDonald the proceeds of the Plan.

3. Prudential reviewed claims for benefits under the Plan.

4. This Complaint challenges the Defendants': a) unreasonable and unlawful denial of life insurance benefits despite the substantial evidence demonstrating the Plaintiff's right to said benefits under the Plan; b) a pattern of rejecting and/or ignoring the substantial evidence supporting Plaintiff's eligibility for said benefits; c) failure to comply with ERISA's procedural requirements; d) failure to provide a reasonable claims procedure that would yield a decision on the merits of McDonald's claim for benefits; e) failure to provide ERISA-compliant notice of appeal rights; f) failure to apply the default beneficiary rules in the Plan as written; and g) failing to give effect to the deceased's wishes regarding beneficiaries due to breach of fiduciary duty.

4. Plaintiff is filing this action, on his own behalf and on behalf of his father's succession, to recover benefits due under the Plan, to enforce the present rights existing therein, to clarify his rights under the terms of the Plan, and to recover costs, attorneys' fees, and pre- and post-suit interest as provided by ERISA.

5. This Court has personal jurisdiction over the Defendants and subject matter jurisdiction over this case under 29 U.S.C. § 1132(e) and (f), without regard to jurisdictional amount or diversity of citizenship. Venue is proper in this district in that the Plaintiff is domiciled in this district, the deceased was domiciled in this district at the time of this death, the estate of the deceased is pending in Tangipahoa Parish, and the defendants conduct business in this district. Prudential does significant business in the Eastern District of Louisiana and Dril-Quip, Inc. maintains a business office in New Orleans, Louisiana.

6.     McDonald has standing to bring this action under 29 U.S.C. § 1132(a).

7.     When Christopher Jay McDonald died in 2019, Dril-Quip notified Prudential that Maria Driver Williams, a former girlfriend of Christopher Jay McDonald while he was working in the United Arab Emirates, was his beneficiary under the Plan. Dril-Quip made this representation based on a beneficiary form filled out for a different plan, different employer, and different insurance company in 2013. Upon information and belief, Christopher Jay McDonald filled out this form for some unknown insurance plan through Unum Life Insurance Company when he was employed by TIW Corporation. Dril-Quip purchased TIW Corporation in 2016. At that time, Christopher Jay McDonald became insured under the Dril-Quip, Inc. Life Insurance Plan.

8.     The Dril-Quip, Inc. Life Insurance Plan provides:

> "Beneficiary" means a person chosen, on a form approved by Prudential, to receive the insurance benefits.
>
> You have the right to choose a Beneficiary for each Coverage under this Prudential Group Contract.
>
> If there is a Beneficiary for the insurance under a Coverage, it is payable to that Beneficiary. Any amount of insurance under a Coverage for which there is no Beneficiary at your death will be payable to the first of the following: your (a) surviving spouse; (b) surviving child(ren) in equal shares; (c) surviving parents in equal shares; (d) surviving siblings in equal shares; (e) estate.

9.     Because Christopher Jay McDonald never filled out a beneficiary form approved by Prudential, the default rules apply. Christopher Jay McDonald had no surviving spouse. Therefore, his surviving child, the Plaintiff, should collect all proceeds.

10.    Pursuant to 29 CFR § 1560.503-1(l), if a plan fails to establish and follow reasonable claims procedures in accordance with 29 CFR § 1560.403-1, the claimant will be deemed to have exhausted administrative remedies and may bring an action under ERISA 502(a) on the

3

basis that the plan has failed to provide a reasonable claims procedure. When a claimant invokes this section, the claim is deemed denied on appeal without the exercise of discretion by the appropriate fiduciary.

11. Plaintiff initially made a claim on these insurance proceeds in 2019.

13. Defendants have lost the right to claim discretion to interpret the plan or exercise discretion in determining eligibility for benefits due to the failure to follow ERISA procedural requirements. The standard of review should therefore be *de novo*.

14. The Defendants were motivated by financial conflict of interest when they denied Slane's claim for benefits.

15. The decision to deny McDonald's benefits was wrongful, unreasonable, and irrational, contrary to the substantial evidence, contrary to the plain contractual terms of the Plan, and contrary to law.

## FIRST CAUSE OF ACTION

(Enforcement of Terms of Plan and Action for Unpaid Benefits)

16. Plaintiff re-alleges each of the paragraphs above as if fully set forth herein.

17. The Plan is a contract.

18. Plaintiff has performed all of his obligations under the contract.

19. 29 U.S.C. § 1132(a)(1)(B) states that: A civil action may be brought -

   a. by a participant or beneficiary –

   i. For the relief provided for in subsection (c) of this section, or

   ii. to recover benefits due to him under the terms of the Plan, to enforce his rights under the terms of the Plan, or to clarify his rights to future benefits under the terms of the Plan.

20. The Defendants' actions constitute an unlawful denial of benefits under ERISA, as provided in 29 U.S.C. § 1132(a)(1)(B).

21. Defendant Prudential unlawfully denied Plaintiff's benefits in part by: (1) rejecting the substantial evidence supporting Plaintiff's claim; and (2) denying Plaintiff a full and fair review the decision to deny benefits. Defendant Dril-Quip acted unlawfully in sending an old beneficiary form from a different company, depriving Plaintiff of his rightful benefits.

22. The Defendants have refused to provide McDonald with life insurance benefits and is, therefore, in breach of the terms of the Plan and ERISA,

## SECOND CAUSE OF ACTION

### (Breach of Fiduciary Duty)

23. Plaintiff realleges each of the paragraphs above as if fully set forth herein;

24. In the event the Court finds Plaintiff is unable to recover under ERISA § 502(a)(1)(b), he makes an alternative claim against Dril-Quip under ERISA § 502(a)(3) for breach of fiduciary duty due to its untruthful statements to Prudential regarding the beneficiary of the Plan.

## THIRD CAUSE OF ACTION

### (Attorneys' Fees and Costs)

25. Plaintiff realleges each of the paragraphs above as if fully set forth herein;

26. Under the standards applicable to ERISA, Plaintiff deserves to recover "a reasonable attorneys' fee and costs of the action" herein, pursuant to ERISA, § 502(g)(1).

27. Defendants have the ability to satisfy the award.

28. Defendants acted in bad faith in denying Plaintiff's benefits under the Plans

29. The award of attorneys' fees against the Defendants will deter the Defendants and

similarly- situated ERISA fiduciaries from undertaking the same unfair, limited review as in this case.

## PRAYER FOR RELIEF

30. WHEREFORE, the Plaintiff respectfully prays that the Court:

a. Declare, adjudge, and decree that Plaintiff is entitled to life insurance benefits as calculated under the terms of the Plan;

b. Award Plaintiff the full amount of unpaid benefits under the Plan to which he is entitled, together with such pre-suit and post-suit interest as may be allowed by law;

c. Order that the Defendants make restitution to Plaintiff in the amount of any losses sustained by Plaintiff in consequence of the wrongful conduct alleged herein, together with pre-suit and pre-judgment interest;

d. Award Plaintiff the costs of this action and reasonable attorneys' fees;

e. Award Plaintiff all appropriate equitable relief, including but not limited to equitable surcharge;

f. Award such other relief as the Court deems just and reasonable.

Respectfully submitted,

THE PELLEGRIN FIRM, L.L.C.

/s/ David C. Pellegrin, Jr.
DAVID C. PELLEGRIN, T.A. (La. Bar #34957)
3500 North Hullen St.
Suite 17D
Metairie, LA 70002
dpellegrin@pellegrinfirm.com
Phone: (504) 405-3245
Fax: 1-866-651-8738
Attorney for Plaintiff Christopher McDonald